IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

LEON WHITE,

Defendant.                                              No. 01-cr-30097-DRH

### MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

Defendant Leon White filed *pro se* motions under 18 U.S.C. § 3582(c)(2) for a reduction of sentence based upon amendment to the crack cocaine guideline, U.S.S.G. § 2D1.1(c), enacted by the Sentencing Commission in response to the Fair Sentencing Act (FSA) of 2010, made retroactive effective November 1, 2011. *See* U.S.S.G. § 1B1.10(c) (Amendment 750) (Docs. 44, 47). The Court appointed the Federal Public Defender to represent defendant on the issue of sentencing reduction in light of the retroactive amendments (Doc. 45). The government has responded and is in agreement with the U.S. Probation Office in asserting that defendant is not eligible for a reduction (Doc. 51). Also in agreement, defendant's counsel instantly moves to withdraw on the basis that he can make no non-frivolous argument in support of a reduction pursuant to 18 U.S.C. § 3582(c) (Doc. 50). *See Anders v. California,* 386 U.S. 738, 744 (1967). Defendant has

responded to his counsel's motion to withdraw (Doc. 53). He requests an evidentiary hearing to determine the "drug weight" attributed to him.

§ 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009), *cert. denied sub nom McKnight v. United States*, 129 S. Ct. 1924 (2009).

Defendant cannot satisfy the first criterion as he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). On April 23, 2002, the Court sentenced defendant to 270 months in the Bureau of Prisons (Doc. 31). Defendant's presentence report

determined defendant's relevant conduct was 3.75 kilograms of crack cocaine, resulting in a base offense level of 38. The Court previously granted defendant a reduction of sentence under the 2007 retroactive amendments. The 2007 amendments lowered defendant's base offense level to 36 and the Court reduced the term of imprisonment to 228 months (Doc. 43). Under Amendment 750, the base offense level for 3.75 kilograms of cocaine base remains at 36. Thus, defendant is not eligible for further reduction.

Defendant requests a hearing to "litigate the actual amount of the drugs" attributed to him. Defendant's relevant conduct of 3.75 kilograms of crack cocaine was determined at the time of sentencing. In addition to the arguable impossibilities associated with determining drug quantities from over a decade ago, § 3582(c)(2) simply does not authorize evidentiary hearings to relitigate drug quantity disputes. *See Dillon v. United States,* 130 S. Ct. 2638, 2686 (2010) ("§ 3582(c)(2) authorizes only a limited adjustment to an otherwise final sentence."). Accordingly, defendant's motions for reduction of sentence are **DISMISSED** for lack of jurisdiction (Docs. 44, 47). Thus, counsel's motion to withdraw is **GRANTED** (Doc. 50).

   **IT IS SO ORDERED.**

   Signed this 4th day of April, 2013.

Digitally signed by David R. Herndon
Date: 2013.04.04 16:26:47 -05'00'

   **Chief Judge**
   **United States District Court**